LOLA V. SCHOTT

 VS No. 8188.

ALBERT de ST. AUBIN

January 16th, 1922.

6/22

LOLA V. SCHOTT

VS

No. 8188

ALBERT de ST. AUBIN,
Appellant.

CHARLES F. CLAIBORNE, JUDGE.

This is a suit for board and money loaned.

Plaintiff alleged that she boarded the defendant from February 1st, 1916 to February 1st. 1917, for which he agreed to pay her $25 a month; that on January 2d, 1916 she loaned the defendant $20; and on August 9th, 1916, she loaned him $200, which, at various times, he promised to pay back, but has failed to do. *in an answer filed*

The defendant on April 11th, 1918 admitted the allegations relating to the board, but denied all the allegations concerning the loan. The answer was signed and attested by his attorney at law.

On January 31st, 1919, the plaintiff thereupon took the following rule upon the defendant:

"On motion of Miss Lola V. Schott and on suggesting that the defendant in his answer, had admitted that he is indebted unto the plaintiff in the sum of $300.00, and on further suggesting that plaintiff should have judgment for that amount as prayed for, It is ordered that the defendant herein Albert de St. Aubin, do show cause on the 7th. day of February 1919 why there should not be judgment rendered therein for $300 with interest from judicial demand in favor of Miss Lola V. Schott and against Albert de St. Aubin".

This rule was served upon the defendant in person, and, in due couse was made absolute, and judgment was rendered as

296

prayed for, on February 7th, 1919. On October 21st, 1920, a different counsel was retained by the defendant and made attorney of record. On November 19th, 1920, he filed an answer in which he repudiated the former answer, and filed by his former attorney,

"for the reason that same is contrary to the facts as explained by defendant and the instructions given by him to his attorney x xx and that said answer was evidently filed through error or misunderstanding";

he admitted that he had boarded with the plaintiff, but denied that he was indebted to her in any amount; he admitted

"that he agreed to pay the sum of $25 monthly; he denied that plaintiff had loaned him either $20 or $200, or that he had promised to pay it; he denied amicable demand, and prayed that plaintiff's demand be rejected". This answer was attested by the defendant.

There was judgment in favor of the plaintiff for $220 as prayed for - and the defendant has appealed.

There were only two witnesses in this case; they testified in open Court. The plaintiff swore that the check dated January 2d, 1916 for $20 signed by her to the order of bearer and endorsed by defendant, represented money borrowed from her by defendant; that she never owed him a nickel in her life; that he had no money to lend; she produced another check for $200 dated August 9th, 1916 drawn by her to her own order and by her endorsed, and she said that she drew that amount from the Hibernia Bank, and loaned it to the defendant; that the transaction took place at the St. Charles Hotel near the elevator.

The defendant testified that he owed the plaintiff nothing whatever; that he did not borrow from her $20 nor $200, not a cent; that the check of $20 was given to him "in payment of some money he had let her have"; he does not remember borrowing from the plaintiff $200 on August 9th, 1916; never saw that check before; he boarded with Miss Schott's mother in 1916 for "approximately a year".

297

In this conflict of testimony the preponderance seems to be with the plaintiff. It is not likely that the first attorney who filed an answer in his name would have filed an admission that the defendant owed twelve month's board at $25 per month, unless he had been authorized by the defendant so to do; the presumption is that the attorney filed an answer in accord with instructions given him. When a rule was taken, based upon this answer, for a judgment against defendant, he was served personally, and made no defense to the rule; if the allegations of the rule had been untrue, he would have denied them, and resisted a judgment. Yet, nearly two years afterwards he admits having boarded with plaintiff for about a year, and although he says he owes nothing for board, he fails to allege or prove that he has paid any board at all. Under the $300 judgment, his bank account was garnisheed, and he failed to enjoin the execution of the judgment.

He said that the $20 check represented reimbursement of money he had loaned the plaintiff. He states neither time, nor circumstances, nor amount, of this loan; and if it is true that he owed for board, he does not appear to have been in a condition to "let her have" any money.

The judge who saw and heard him and the plaintiff believed the plaintiff, and we are not certain that he erred. The defendant is suffering the consequences of his own contradictory course in this case.

Judgment affirmed.
January 16th, 1922.